[Civ. No. 31. Fourth Appellate District.—April 15, 1930.]

VICTORIA A. SPEERS, Respondent, v. FROMAN SPEERS, Appellant.

John C. Miles for Appellant.

Charles F. Reiche for Respondent.

OWEN, J., *pro tem.*—This action was originally appealed to the Supreme Court, and by appropriate order, transferred by that court to this court for decision, and is an action instituted by the plaintiff against her husband for a divorce on the ground of extreme cruelty. The answer denied the material allegations of the complaint, and set up a property settlement as a defense to plaintiff's prayer for support for herself and two minor children.

The sufficiency of the proof adduced on the trial as to cruelty, and the wife's right to all, or any part, of the sum of $50 per month awarded by the court, are the only questions involved in this appeal.

No appellate court may gauge or measure the degree of susceptibility of a party in a divorce proceeding to a course of cruel conduct on the part of the other spouse. That which may be infinitely cruel to a person of intelligence, delicacy of sentiment and innate refinement may not be

cruel to a person lacking in these estimable qualities. The trial judge, sounding his judgment on the conduct of the parties, their apparent manner of living, the degree of their refinement and the scope of their intelligence, is in a position to determine if a given course of conduct by one party will result in extreme cruelty to the other. A reading of the transcript herein shows that the defendant's conduct would be extreme cruelty to a woman of refinement and delicacy of feeling. The trial judge had the plaintiff before him. His judgment as to her susceptibility to extreme cruelty will not be disturbed. (*Barnes* v. *Barnes,* 95 Cal. 171 [16 L. R. A. 660, 30 Pac. 298].)

The property settlement set up as a defense to the wife's claim for alimony is dated July 24, 1923. Subsequent to that date the parties lived and cohabited together as husband and wife, and the two children were born to them. No immediate separation was had, and the contract so entered into may not alter the legal relations of the parties. (Civ. Code, sec. 159.) Notwithstanding this fact, it appears from an examination of the so-called property settlement that it was nothing but a compromise, whereby the defendant paid his wife and mother-in-law the sum of $3,000 to avoid a suit for about $8,000 due them on promissory notes and other indebtedness. It was also in evidence that he threatened to go into bankruptcy if they did not execute the agreement. After thus settling his debt for about 40 cents on the dollar, and after bringing two children into the world as the husband of the plaintiff, he appeals from the judgment of the lower court awarding the mother and children $50 per month as support.

There was no property settlement between the parties. The defendant merely paid the plaintiff and her mother what he owed them, discounting the same sixty per cent. Settling a prior obligation with no consequent benefit to one of the parties cannot be held to be a property settlement. So far as the plaintiff was concerned there was no consideration for the agreement. (*Stroud* v. *Thomas,* 139 Cal. 274 [96 Am. St. Rep. 111, 72 Pac. 1008].)

The judgment is affirmed.

Barnard, Acting P. J., and Marks, J., concurred.