[Civ. No. 3362. Fourth Dist. Oct. 5, 1944.]

HUGH L. KEATING, Respondent, v. BASICH BROTHERS CONSTRUCTION COMPANY (a Corporation), Appellant.

Stephen Monteleone for Appellant.

Whitelaw & Whitelaw for Respondent.

MARKS, J.—This is an appeal from a judgment awarding plaintiff $1,915 for damages for the unauthorized use of property which plaintiff held under lease.

A rehearing was granted in this case to permit us to reconsider the evidence as to the amount of damages awarded

to plaintiff which was very liberal under all of the circumstances. It is urged that the testimony of James A. Pascoe, upon which the amount of the award must rest, is weak and so uncertain that it should not be held sufficient to support the judgment.

The testimony of Pascoe is not all that could be desired and is not too certain. However, the construction to be placed upon it was a duty to be performed by the trial court in the first instance. As we cannot say that the construction placed upon it is unreasonable we must hold that this evidence supports the judgment. We therefore conclude that the judgment must be affirmed.

The property involved was something more than one-half of a section of unimproved desert land (except improvements placed thereon by Basich Brothers, defendant's predecessor) lying along the Mexican border. Plaintiff's lessor held the property under a desert location and had leased it to plaintiff for $50 a year.

Basich Brother Construction Company is a corporation organized under the laws of California and was engaged in the contracting business. In about 1932, due to differences among its stockholders, it ceased active business and became inactive. Its physical assets were taken over by Basich Brothers, a partnership, which continued its former operations. The corporation became active again early in 1943, and took back the physical assets of the partnership.

In 1942 the partnership entered into a contract for the construction of a Marine Corps base at El Centro, California. In performing this contract, which was completed early in 1943, it went into possession of and used the property involved here without the consent of plaintiff or his lessor.

After the completion of the Marine base the partnership entered into a contract with the Highway Department of the State to improve highways. The use of the land, of which plaintiff was the lessee during the performance of this contract, gives rise to this action. A road had been constructed across the property and two cement mixing plants, bunkers and bins, and what was called in the record, a "black top plant," other structures, and heavy road building machinery were on the property during the performance of this contract.

Defendant first argues that there is no evidence that it, as a corporation, was in possession of the property instead of the partnership; that the finding that defendant was in

possession of and used the property between May 5th and September 5th, 1943, is without evidentiary support, as is the finding that the reasonable rental value of the property was $500 per month during that time.

Counsel for defendant was a director as well as the attorney for the corporation. He was called as a witness by plaintiff under section 2055 of the Code of Civil Procedure. He testified that he was familiar with the business affairs of the corporation. We quote the following from his testimony:

"Q. The corporation then took over all the business of the Basich Brothers, is that right? A. They later took over the business of Basich Brothers. They didn't take over the business, they made arrangements to buy the equipment and carry on the contracts. All contracts now are being performed by Basich Brothers Construction Company, a corporation. Q. When was it the corporation, what definite date—if you have something there you can refer to—what definite date was it the corporation took over the partnership business? A. It was about April 2nd, 1943. . . . Q. Did the corporation take over all the operating equipment of Basich Brothers, a co-partnership, on or about, or subsequent to April 2, 1943? A. They agreed to take over the equipment. Q. They took it all over, did they? A. Yes, sir."

The foregoing is sufficient to support the finding that the corporation was in possession of and used the property during the time in question. No contention is made that it had authority to occupy the property.

 Defendant argues that there is no evidence in the record supporting the judgment of $1,915, and that a judgment for that amount is excessive. It points to evidence to the effect that plaintiff rented the property for $50 per year and that it could not have been sold for more than five dollars an acre.

Plaintiff called James A. Pascoe as his witness. He testified that for a number of years he had been engaged as a contractor or subcontractor building "highways, county roads, airport construction and anything else that comes with dirt moving"; that he had rented property as locations for his plants and machinery in various parts of Southern California and knew their rental value; that he had a job in Imperial Valley, went across the property in question every day for a time, and knew the installations on it; that its rental value was between $2,500 and $3,000 for the period involved.

■ Defendant argues that as this witness had rented no property in Imperial Valley he was not competent to testify as to the rental value of the property in question here.

This objection goes to the weight of the evidence rather than to its admissibility. ■ While the judgment seems generous, it is supported by this evidence.

Defendant argues that prejudicial error was committed in overruling its objections to the admissibility of evidence and in denying its motions to strike out inadmissible evidence.

■ Plaintiff was permitted to testify on direct examination, over objections, that after defendant had vacated the property, he leased it to the Macco Construction Company for $500 per month, and received a conditional offer of the same rental from another prospective tenant.

The objections to this evidence should have been sustained as the price agreed upon between an owner and a stranger to the action does not tend to establish reasonable market value or reasonable rental value. (*Ramish* v. *Kirschbraun & Sons,* 90 Cal. 581 [27 P. 433]; *Estate of Ross,* 171 Cal. 64 [151 P. 1138]; *Thompson* v. *Stoakes,* 46 Cal.App.2d 285 [115 P.2d. 830].) Also, part of this evidence was hearsay.

■ Plaintiff was permitted to testify, over objection, to a conversation between himself and a watchman who was on the property on Labor Day of 1943. The purpose of this evidence was to establish that defendant and not the partnership was in possession. There is nothing in the record to indicate that this watchman had any authority to speak for the corporation or to represent it. This evidence was hearsay and inadmissible. (*Ford* v. *Lou Kum Shu,* 26 Cal.App. 203 [146 P. 199].)

There are other similar rulings complained of by defendant which need not be separately considered.

We must next consider the prejudicial effect of these rulings under the provisions of section 4½ of article VI of the Constitution.

■ The evidence of Mr. Monteleone, to which we have already referred, rather clearly established that the corporation and not the partnership was in possession of and using this property during the time in question here. The testimony of the caretaker would neither add to nor detract from this evidence. Therefore, we do not regard its admission as prejudicial. The trial court was probably convinced, as we are after studying the record, that this corporation occupied the property.

In considering the effect of the erroneously admitted evidence as to the rental of the property to the Macco Construction Company after the cause of action in the instant case arose, and the conditional offer to rent it, we must bear in mind that the case was tried by the court without a jury and that there is competent evidence in the record on the question of the rental value which supports the findings and judgment.

The general rule prevailing in California on this subject is this: Where there is competent independent evidence in the record which supports the judgment without recourse to the testimony erroneously admitted, generally the error is not prejudicial as it will be presumed on appeal that the trial judge considered and relied upon the competent evidence in making his findings and rendering the judgment. (*Evans* v. *Gibson,* 220 Cal. 476 [31 P.2d 389]; *Roy* v. *Salisbury,* 21 Cal.2d 176 [130 P.2d 706]; *Frazure* v. *Fitzpatrick,* 21 Cal.2d 851 [136 P.2d 566]; *Ford* v. *Lou Kum Shu, supra; Watt* v. *Copeland,* 92 Cal.App. 161 [267 P. 928]; *Cordi* v. *Garcia,* 56 Cal.App.2d 584 [132 P.2d 887].)

As the judgment is supported by competent evidence we cannot regard the admission of incompetent evidence as sufficiently prejudicial to result in its reversal.

We have considered the other questions argued by defendant and do not consider them of sufficient importance to require detailed discussion as they are without merit.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 30, 1944. Schauer, J., voted for a hearing.