[Civ. No. 16789. Second Dist., Div. One. May 26, 1949.]

CHARLOTTE JEANE STEVENS, Appellant, v. THOMAS R. STEVENS, Respondent.

Powers & Bernard for Appellant.

No appearance for Respondent.

DRAPEAU, J.—This action for divorce was tried as a default. At the close of plaintiff's case, the trial judge stated that there was not sufficient evidence to sustain a finding of extreme mental cruelty. Judgment followed denying plaintiff's prayer for a divorce.

The plaintiff testified that her husband was in the military service, stationed in Hawaii; that when the minor child of the parties was born in 1947 defendant came to Los Angeles from Hawaii and stayed with her for about two weeks; he then left for Minnesota, looking for a job, and after a few months returned to Los Angeles and stayed with her for another two weeks.

On this last occasion the defendant received a telephone call from Honolulu. Plaintiff did not overhear the conversation, but she knew that the party calling was a woman, so she asked the defendant who she was. To this inquiry he replied that he had been living with this person, and that he cared more for her than he did for the plaintiff. On the same night the defendant again left for Minnesota, and never came back. The plaintiff further testified that this conduct of the defendant made her sick, upset and nervous.

The mother of the plaintiff testified that she was not at home when the telephone call came in, but that she overheard the conversation between plaintiff and defendant, as testified to by the plaintiff; that the defendant said that the person in Honolulu was someone he met there and was living with, and that he preferred living with this girl more than he did with the plaintiff; "that he was happier with her." And this witness testified that this conduct of the defendant upset the plaintiff; that she cried and was sick for a while over it.

Section 130 of the Civil Code provides: "No divorce can be granted upon the default of the defendant or upon the uncorroborated statement, admission, or testimony of the parties. . . ." The provisions of this code section, and of section 2079, Code of Civil Procedure, relating to statements and admissions of parties to divorce actions have been uniformly approved and enforced by the California courts. (*Flynn* v. *Flynn*, 171 Cal. 746 [154 P. 837]; *Grannis* v. *Superior Court*, 146 Cal. 245, 252 [79 P. 891, 106 Am.St.Rep. 23]; *Lemberger* v. *Lemberger*, 55 Cal.App. 231 [203 P. 786].)

Eliminating the statements and admissions of the defendant, the only facts left are that he was with the plaintiff for a short time on two different occasions, that the last time he was with her he talked on the telephone with some woman in Ha-

waii, that he said certain things to his wife, left her and never came back.

The record indicates that the trial judge may have stopped short in his consideration of plaintiff's case with his application of section 130, Civil Code to the facts.

█ Proof of extreme mental cruelty may be made by testimony of cruel remarks made by one spouse to the other. (*Maloof* v. *Maloof*, 175 Cal. 571 [166 P. 330].) █ There was a theory upon which plaintiff in this case could have been granted a divorce: i.e., that the conduct of the defendant in telling his wife that he had lived with another woman, and cared more for that other woman than he did for the plaintiff, coupled with the fact that he left and never came back, was grievous mental cruelty.

Having in view the effect of section 130, Civil Code, still the language itself which the offending spouse addresses to the other may prove mental cruelty. What he says, not what he says he did, may be the index of the marital offense.

However, in weighing the effect of testimony in divorce cases, much of necessity must be left to the sound judicial discretion of the trial court.

"From the very nature of the question it results that in its determination the trial judge, who has the parties before him for observation in the light of the evidence, must be invested with a wide range of discretion. It is settled that the finding of the trial court on this question will not be disturbed on appeal unless the evidence in support thereof is so slight as to indicate a want of ordinary good judgment and an abuse of discretion by the trial court." (*MacDonald* v. *McDonald*, 155 Cal. 665, 670 [102 P. 927, 25 L.R.A.N.S. 45].)

In the circumstances of this case the finding against the plaintiff was not an abuse of discretion.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied June 15, 1949, and appellant's petition for a hearing by the Supreme Court was denied July 21, 1949. Carter, J., and Schauer, J., voted for a hearing.