[Civ. No. 4592.   Fourth Dist.   Sept. 30, 1953.]

FRED  H.  BIXBY,  JR.,  Respondent,  v.  MARY  JAYNE
ANTHONY  BIXBY,  Appellant.

A. Brigham Rose for Appellant.

Edgar B. Hervey and Henry F. Walker for Respondent.

MUSSELL, J.—Plaintiff filed this action for divorce on July 15, 1951, alleging extreme cruelty in general terms. Defendant filed an answer and cross-complaint in which she alleged extreme cruelty on the part of her husband, demanded support and attorney's fees and sought separate maintenance, together with an award to her of the community property. After a lengthy trial, the court filed its findings of fact and conclusions of law and granted an interlocutory decree of divorce to plaintiff and denied defendant relief on her cross-complaint.

The decree contains provisions relative to the property rights of the parties, their interest in community property, temporary support, costs and counsel fees, and a provision for the disposition of defendant's expectancy in a trust involving stock in the Fred H. Bixby Company, a corporation. Subsequent to the entry of this decree defendant moved for a new trial and after hearing thereon, the trial court entered an order changing and adding to the findings and modifying

the interlocutory decree. Defendant appeals from the decree and order.

The parties to this action were married March 5, 1940, and separated July 16, 1951. There are no children the issue of said marriage and the value of the community property was found to be $14,380.82.

The record contains many pages of testimony relative to the conduct and reputation of the parties prior to the date of the marriage and also subsequent to the filing of the complaint. This condition of the record was brought about by the procedure followed at the trial, which was to allow the parties a wide latitude in the examination of witnesses since they had not been able to take depositions. This procedure was agreeable to counsel for appellant and the court stated in its decision that testimony of that character would be ignored and that no findings relative thereto would be made.

Substantial evidence was introduced showing that over a period of several years, during the marriage, the defendant exhibited towards plaintiff an attitude that was domineering and dictatorial and generally an attitude of holding plaintiff in contempt; that she used abusive, vile and profane language toward plaintiff and called him a ''son-of-a-bitch'' on several occasions. Plaintiff's testimony was corroborated by that of several witnesses, by writings and as stated by the trial court, ''generally in the demeanor exhibited by defendant in her testimony.'' Further corroboration of the general attitude and type of language used by the defendant is found in a tape recording, in evidence, of a telephone conversation between the parties.

The record contains sufficient substantial evidence to sustain the trial court's finding that the defendant has treated plaintiff with extreme cruelty and has wrongfully inflicted upon him grievous mental suffering.

▮ Proof of extreme cruelty may be made by testimony of cruel remarks made by one spouse to the other. (*Stevens* v. *Stevens*, 92 Cal.App.2d 85, 87 [206 P.2d 418].) ▮ And as was said in *Tompkins* v. *Tompkins*, 83 Cal.App.2d 71, 74-75 [187 P.2d 840]:

''Conduct that would induce grievous mental suffering sufficient to constitute extreme cruelty depends upon the circumstances of each particular case, and the finding of a trial court, based upon any reasonable analysis of the facts and circumstances as reflected by the evidence, will not be disturbed on appeal.''

■ In *Keener* v. *Keener*, 18 Cal.2d 445, 447 [116 P.2d 1], it is said:

"Section 94 of the Civil Code defines extreme cruelty as 'the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage.' In each case the infliction of 'grievous mental suffering' is a question of fact to be deduced from the circumstances of the case, in the light of the intelligence, refinement and delicacy of sentiment of the complaining party. (Citing cases.) A correct decision must depend upon the sound sense and judgment of the trial court. . . . Its conclusion will not be disturbed unless the evidence is so slight as to indicate an abuse of discretion."

The findings of the trial court appear to be based upon a reasonable analysis of the facts and circumstances and cannot be here disturbed since no abuse of discretion appears.

■ Appellant contends that it was prejudicial error on the part of the court to require her to testify about her personal life before marriage. However, as was stated by the trial court, the testimony derogatory to the reputation of both parties served no useful purpose in the determination of the issues involved and would be ignored by the court.

■ Furthermore, as was said in *Keating* v. *Basich Bros. Const. Co.*, 66 Cal.App.2d 258, 263 [151 P.2d 892]:

"The general rule prevailing in California on this subject is this: Where there is competent independent evidence in the record which supports the judgment without recourse to the testimony erroneously admitted, generally the error is not prejudicial as it will be presumed on appeal that the trial judge considered and relied upon the competent evidence in making his findings and rendering the judgment. (*Evans* v. *Gibson*, 220 Cal. 476 [31 P.2d 389]; *Roy* v. *Salisbury*, 21 Cal.2d 176 [130 P.2d 706]; *Frazure* v. *Fitzpatrick*, 21 Cal.2d 851 [136 P.2d 566]; *Ford* v. *Lou Kum Shu, supra,* [26 Cal. App. 203 (146 P. 199)]; *Watt* v. *Copeland,* 92 Cal.App. 161 [267 P. 928]; *Cordi* v. *Garcia,* 56 Cal.App.2d 584 [132 P.2d 887].)"

See, also, *Jaffe* v. *Vitz,* 84 Cal.App.2d 810, 813 [191 P.2d 802]; *Bisno* v. *Herzberg,* 75 Cal.App.2d 235, 241 [170 P.2d 973]; *Brock* v. *Fouchy,* 76 Cal.App.2d 363, 371 [172 P.2d 945]; *Lincoln* v. *Averill,* 47 Cal.App.2d 335, 337-338 [117 P.2d 913]; and *Southern Calif. Jockey Club* v. *California Horse Racing Board,* 36 Cal.2d 167, 176 [223 P.2d 1], wherein it is said that it is presumed on appeal that the court did

not base its finding on irrelevant evidence where there is competent evidence to support it.

Appellant next contends that the court below erred in failing to give due regard to the necessity of corroboration of the testimony of the plaintiff upon which the alleged charge of cruelty was based; and also committed error in pronouncing that the appellant had failed to corroborate her testimony on her cross-complaint for separate maintenance.

■ As to the first of these two contentions plaintiff testified that defendant argued with him continuously; that she sometimes resorted to vulgarity and called him a son-of-a-bitch. This testimony is sufficiently corroborated by that of several witnesses. ■ As was said in *McGann* v. *McGann,* 82 Cal. App.2d 382, 386-387 [186 P.2d 424]:

" 'The extent of the corroboration necessary for the granting of a decree of divorce is not defined in any of our statutes. It is not necessary to corroborate all of the acts of cruelty charged by the party to whom the decree is granted. Where a number of charges of cruelty have been made, corroboration of a single act of cruelty may be sufficient. (*Ungemach* v. *Ungemach,* 61 Cal.App.2d 29 [142 P.2d 99]; *Keener* v. *Keener, supra* [18 Cal.2d 445].) ■ Moreover, the rule requiring corroboration is not so strictly applied in hotly contested divorce actions as it is in actions where a decree is demanded upon the default of the opposing party. ■ The principal object of the corroboration rule is to prevent collusion between the parties, and where it is clear from the evidence in a contested action that there is no collusion the court is justified in granting the decree upon evidence which is only slightly corroborated if otherwise the court is satisfied that the prevailing party is entitled to a decree. (*Minnich* v. *Minnich,* 127 Cal.App. 1 [15 P.2d 804]; *Ungemach* v. *Ungemach, supra.*)' "

The contention that the trial court committed error in pronouncing that appellant had failed to corroborate her action for separate maintenance is not supported by the record. It is true that the original findings did contain the following language: "That defendant has failed to produce sufficient corroborated evidence to establish a cause of action for divorce." However, the court, in passing upon the motion for a new trial, stated that he did not base his decision on the separate maintenance action upon the ground of lack of corroboration; that he was not satisfied with the testimony offered in that action and that the weight of the evidence

was against the contentions of appellant. The court then analyzed portions of the evidence given by appellant and her witnesses and declared that he did not believe the charges made. The court then prepared, signed and filed an order under and pursuant to section 662 of the Code of Civil Procedure changing the original finding in this connection to read as follows: ''That defendant has failed to establish a cause of action for separate maintenance or divorce,'' eliminating the finding originally made.

Appellant argued at the motion for a new trial that she had established recrimination and although this matter had not been pleaded by her, claimed that the court should have made a finding thereon. The court then added the following finding: ''That it is not true that plaintiff has been guilty of any acts or conduct which constitute recrimination.''

If the trial court erroneously indicated in his original findings that the law required corroboration in a separate maintenance action, it was his duty to, and he did reconsider the evidence in the light of the correct rule and make correct findings. (*Spier* v. *Lang*, 4 Cal.2d 711, 714 [53 P.2d 138].)

Appellant next argues that, assuming that the court justifies the decision rendered on the basis of the use of abusive language, upon a consideration of the entire record, the decision cannot be supported by legal precedent. In view of the entire relevant testimony introduced at the trial, we cannot here assume that the judgment herein was based on the sole ground that defendant used abusive language. This was but one of the findings relative to the conduct of defendant. In this connection it is argued that the conduct of defendant could not have constituted cruelty under the facts presented. This contention is without merit and as was said by this court in *Speers* v. *Speers*, 105 Cal.App. 254, 255-256 [287 P. 138]:

''No appellate court may gauge or measure the degree of susceptibility of a party in a divorce proceeding to a course of cruel conduct on the part of the other spouse. That which may be infinitely cruel to a person of intelligence, delicacy of sentiment and innate refinement may not be cruel to a person lacking in these estimable qualities. The trial judge, sounding his judgment on the conduct of the parties, their apparent manner of living, the degree of their refinement and the scope of their intelligence, is in a position to determine if a given course of conduct by one party will result in extreme cruelty to the other.''

The infliction· of grievous mental suffering is a question of fact to be decided from the circumstances of each case in the light of the intelligence, refinement and delicacy of sentiment of the complaining party. A correct decision must depend upon the sound sense and judgment of the trial court and its conclusion will not be disturbed unless the evidence is so slight as to indicate an abuse of discretion. (*Lawrie* v. *Lawrie,* 110 Cal.App.2d 380, 384 [242 P.2d 920].) We cannot here say that the trial judge who is vested with great latitude in determining the weight and sufficiency of all the evidence presented, and who was in the best position to judge the credibility and determine the motives of the witnesses abused his discretion in the instant case in determining that the conduct of appellant constituted extreme cruelty and inflicted grievous mental suffering upon the plaintiff.

We are requested to consider certain "press pronouncements" as evidence of plaintiff's activities since the commencement of the trial of this action. Such evidence is cumulative and would only result in additional conflict and where, as here, such evidence would not compel a reversal of the judgment, the request must be denied. (*Estate of Schluttig,* 36 Cal.2d 416, 422 [224 P.2d 695].)

Finally, appellant contends that the trial court's decision was aimed at placing the appellant in a "position of quandary as to whether she would lose certain basic rights in the event that she sought to appeal from the judgment rendered." The evidence shows that plaintiff executed an instrument of trust on June 8, 1934. This instrument provides that the trust shall terminate in 1954, at which time the corpus is to be delivered to plaintiff Fred H. Bixby, Jr., if he is then living, and in the event that he should die prior to the expiration of said period the whole thereof is to be distributed to his heirs at law in accordance with the laws of the State of California then in effect. This trust agreement has been the subject of scrutiny and interpretation in *Bixby* v. *Hotchkis,* 58 Cal.App.2d 445 [136 P.2d 597] and *Bixby* v. *California Trust Co.,* 33 Cal.2d 495 [202 P.2d 1018]. The trial court herein found that plaintiff's interests and rights in and under the trust are his sole and separate property and defendant has no interest in the same as such. It was further found that should plaintiff die before the entry of the final decree herein, defendant would step in as an heir and that there exists, therefore, an expectancy on the part of the de-

fendant. The judgment herein provides that if the defendant shall within 30 days from the entry of the interlocutory decree file a waiver and a release agreement as therein set forth that then, and only in that event, and not otherwise, defendant shall have and recover of and from plaintiff the sum of $15,000 in compensation for the expectancy.

The finding that the plaintiff's interest in the trust was his separate property is sustained by the evidence. ▉ However, as was said in *Fox* v. *Fox*, 18 Cal.2d 645, 646 [117 P.2d 325] :

"In an action for divorce, only the community property and the homestead may be awarded; the court is not authorized to assign the separate property of one of the spouses to the other, nor to require one to pay to the other any amount in lieu of an assignment or division of it. (*Conard* v. *Conard,* 5 Cal.App.2d 91 [41 P.2d 968].)"

▉ Appellant is not prejudiced and cannot complain where, as here, she obtained more than that to which she was entitled. (*Johndrow* v. *Thomas,* 31 Cal.2d 202, 206 [187 P.2d 681] ; *Pepin* v. *Stricklin,* 114 Cal.App. 32, 35 [299 P. 557].)

Plaintiff filed a motion to dismiss the appeal herein and affirm the judgment on the ground that the appellant had accepted the benefits of the judgment and was barred from attacking it. The record shows that during the trial defendant testified that she was in need of certain dental work which would cost approximately $2,500. Whereupon, counsel for plaintiff stated that his client would pay "any reasonable bill for any medical or dental services needed by Mrs. Bixby, gladly, without an order of court, in any reasonable amount" and asked the court to make an appointment for Mrs. Bixby with a dentist. The court then discussed the matter with a dentist and awarded defendant the sum of $1,500 for such work. On June 9, 1952, plaintiff paid this amount by check, which, when filed herein, indicated that certain typewritten words in the left-hand corner thereof had been crossed out. Plaintiff claimed that the check had been altered and defendant claimed that it ·was in the same condition when she received and cashed it as it now is.

▉ While it is true, as argued by plaintiff, that the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution to an appeal therefrom, the rule has no application when the benefits accepted are such that appellant is admittedly entitled to them or would not be affected or put in jeopardy by the appeal. (*Schubert* v. *Reich,* 36 Cal.2d 298,

300 [223 P.2d 242].)  We are of the opinion that under the circumstances shown by the record before us the plaintiff's motion to dismiss the appeal must be denied.

The judgment and order are affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied October 29, 1953, and appellant's petition for a hearing by the Supreme Court was denied November 24, 1953.  Carter, J., was of the opinion that the petition should be granted.