[Civ. No. 17827. First Dist., Div. Two. Jan. 5, 1959.]

ARTHUR P. POLLARD, JR., et al., Respondents, v. ARTHUR P. POLLARD et al., Defendants; ALTHA THOMPSON POLLARD, Appellant.

Haley & McInerney, William H. McInerney, Hennigan, Ryneal & Nixen and J. Davis Hennigan for Appellant.

James C. Calkins for Respondents.

DRAPER, J.—This action arises out of a trust agreement executed by Arthur P. Pollard May 6, 1954, a few days before his second marriage. It provided that income of the trust estate, plus payments from principal which the trustees were permitted to make, should go to Pollard for his life. Upon his death the trust was to terminate, and its assets to be distributed to the four adult children of Pollard by his predeceased wife. The agreement included a detailed list of real and personal property conveyed to the trustees. Trustor executed deed and assignment to the trustees. He and one trustee delivered to a stockbroker stock certificates and executed stock transfer powers, under circumstances warranting the conclusion that they were so delivered for transfer to the trustees. However, the certificates were in the name of trustor and his deceased wife as joint tenants, and the broker advised that it was necessary to transfer them first to trustor's name alone. At about the time the certificates were reissued in trustor's name and returned to the broker, the trustor expressed dissatisfaction with the trust, asserting in part that he had

intended to transfer only a half interest in the property described in the trust agreement. He retook the certificates from the broker, made no further transfers to the trustees, and treated assets in his hands as his own. He and his second wife attempted to start negotiations with his children for modification of the trust agreement.

The trustees remained inactive from mid-June until September 23, when the trustor accepted the resignation he had previously requested of them and appointed a successor trustee. Four days later, the four children filed this action against trustor, his wife, and the two original trustees. By amendment, the successor trustee was joined as a defendant.

The amended complaint seeks a declaration that a valid trust exists, enforcement of the trust agreement, to impress a trust upon real property held by trustor and his wife to the extent that funds subject to the trust agreement can be traced to such property, and for money judgment against trustor and his wife to the extent that trust property was expended by them for their own purposes. Trustor died November 24, 1955, and the executor of his will was substituted as a defendant. After trial without jury, judgment was entered directing that trustor's estate and his surviving widow restore to the trust the sum of $37,158.36, ordering that the executor pay to the trustee the proceeds of four life insurance policies, and finding that the trustee, as such, is the owner of certain promissory notes described in the trust agreement. Save to the extent that the trust is declared valid and is ordered enforced, no relief is awarded against any of the trustees. Defendant widow appeals.

 Appellant first contends that an action to redress wrongs against the trust estate can be brought only by the trustee, that the beneficiaries are not proper parties, and that hence her motion for nonsuit should have been granted. No California case deals directly with the precise issue here raised. Appellant cites a number of California decisions holding that a beneficiary cannot maintain an action to quiet title to property of the trust estate. But these cases turn upon the rule that generally the owner of an equitable interest cannot maintain an action to quiet title against the holder of the legal title. (41 Cal.Jur.2d 479, Quieting Title, § 13.) Since this is not an action to quiet title, that rule has no application. In other jurisdictions the general rule is that "[a]s long as the trustee is ready and willing to take the proper proceedings against the third person, the beneficiaries cannot maintain

a suit against him." (3 Scott on Trusts 2144.) However, when the trustee fails or refuses to sue, the beneficiaries can sue the trustee in equity to compel him to bring the proper action and, to avoid multiplicity of suits, the beneficiaries are permitted to join the third person as a defendant with the trustee. (3 Scott on Trusts, § 282.1.) It is clear that beneficiaries may enforce the performance of a trust (Civ. Code, § 863), as distinguished from assertion of trust rights against third persons.

In the case at bar the trustor, within a few weeks after his execution of the trust agreement, questioned its validity and expressed his view that at most it applied only to a half interest in the property described in the agreement. His wife joined in these expressions. The original trustees, trustor's brother and the attorney who had drawn the trust agreement, could not well be expected to litigate this issue against the trustor. At trial, one of these trustees testified neither he nor his cotrustee would "be a party" to suing the trustor. The successor trustee testified that he made no demand upon the trustor because "I was trustee of what there was in the estate, not what there had been and what had been taken out."

It is apparent that the beneficiaries' action sought a declaration that a trust existed, and enforcement of the trust as declared; that it was futile under the peculiar circumstances of this case to expect the trustees to sue the trustor; and that the action of the beneficiaries was in no way an undue or improper interference with the orderly administration of the trust. In fact, there was little or no administration of the trust at the time this action was filed. In this situation, it would be unrealistic to expect the trustees to sue, and useless to require formal demand upon them by the beneficiaries.

Appellant next contends that title to the trust properties never vested in the trustees. The basis for this contention is the claimed insufficiency of the evidence to show delivery by the trustor. But the trust agreement recites that the specific properties here in issue have been "transferred and delivered" to the trustees. Deed and assignment were executed and delivered to the trustees upon execution of the agreement. The life insurance policies were in the possession of the trustees and there is evidence that assignments thereof were delivered. It would serve no useful purpose to detail further facts bearing upon delivery. Delivery is largely a matter of the intent of donor or trustor, and is a question of

fact. (*Williams* v. *Kidd*, 170 Cal. 631 [151 P. 1, Ann. Cas. 1916E 703] ; *Estate of Hall*, 154 Cal. 527 [98 P. 269] ; *Azevedo* v. *Azevedo*, 1 Cal.App.2d 504 [36 P.2d 1078].) ▮ Under the well-established rule, the evidence is to be viewed in the light most favorable to respondent, and all reasonable inferences are to be drawn in favor of the determination of the trier of the fact. In this view of the record, the evidence is sufficient to sustain the finding that trustor intended and effected delivery.

Appellant also asserts error in computation of the amount of the money judgment. But the evidence shows clearly that trustor took more than $72,000 of trust property. The court credited against this amount the sums to which it found trustor was reasonably entitled, during his lifetime, under the provisions of the trust agreement. On hearing of the motion for new trial, the court clearly summarized these items. We have reviewed them in detail and do not find in the figures any error prejudicial to appellant.

▮ It is next contended that the money judgment against appellant was improper. ▮ But it is clear that one to whom property is transferred in violation of a trust holds it as an involuntary trustee unless he purchased it in good faith and for value. (Civ. Code, § 2243.) Such a transferee, even though he enters into no conspiracy with the trustee, is liable under this section. (*Scott* v. *Symons*, 191 Cal. 441, 455 [216 P. 604].) ▮ A transferee of property he knows to be misappropriated from a trust is liable for its value. (3 Scott on Trusts, § 291.2.) ▮ Appellant's reliance upon *Jud Whitehead Heater Co.* v. *Obler*, 111 Cal.App.2d 861 [245 P.2d 608], is misplaced. There the wife had no knowledge of the misappropriations by her husband. Here there is evidence, direct or inferential, showing that appellant knew of the trust, knew that funds received by her husband, the trustor, were the proceeds of trust property, and that she participated actively in his use of these funds. She signed most of the checks drawn by her husband and herself, and their only bank accounts were in their names jointly or in her name. There is evidence to the contrary, but we cannot interfere where, as here, there is substantial evidence to support the finding of the trial court that appellant knowingly received and spent these funds.

▮ Appellant asserts that the trial court erred in denying her motion for new trial insofar as that motion was based upon the ground of newly-discovered evidence. She asserts

that respondents, immediately before trial, executed a release to one who had acted as attorney for the trustor, that this attorney was a joint tort feasor, and that it was a claim against him as such joint tort feasor which was released. Thus she asserts that she, too, was released by the release of her joint tort feasor. ■ But the claim of newly-discovered evidence is looked upon with disfavor. (36 Cal.Jur.2d 241-242.) ■ Here the affidavit in support of the motion does not show with particularity that the attorney was a joint tort feasor, but, at most, affords basis for an inference to that effect. Also, the affidavit does not specify the date of discovery of the asserted release. Under the affidavit, the date may well have been before filing of findings and conclusions, and thus have been at a time which would permit a motion to vacate the submission and reopen the case. (*Rockwell* v. *Italian-Swiss Colony*, 10 Cal.App. 633 [103 P. 162].) In this state of the record, we cannot say that the trial court abused its discretion, which is particularly broad in dealing with this ground for new trial. (36 Cal.Jur.2d 243.)

■ Error is claimed in the denial of appellant's motion for a continuance to permit W. H. Pollard, one of the original trustees and a brother of trustor, to testify. But the record indicates that he had been ill for some 18 months before trial, that there was no indication that he would ever be able to appear, and that, although the case had been pending for two years before trial, his deposition had not been taken. Thus there was no error in denying the motion for continuance. (*Callegari* v. *Maurer*, 4 Cal.App.2d 178 [40 P.2d 883].)

The attorney who drew the trust agreement was permitted, over objection, to testify that the trustor told him, in conversation preceding the drafting of the agreement, that he desired to place in the trust his entire interest in the described property rather than a half interest. Appellant urges that the communication was within the attorney-client privilege (Code Civ. Proc., § 1881, subd. 2), and thus inadmissible. Respondents assert that the attorney was a mere scrivener, and that the privilege therefore cannot be invoked. (*Collette* v. *Sarrasin*, 184 Cal. 283 [193 P. 571].) It also appears that much of this conversation was elicited from the witness by appellant's counsel before the examination by respondents to which she now objects. However, it is unnecessary to pass upon the question of competency of the testimony objected to. Other proof, including the trust agreement itself, affords competent evidence that the trustor intended to and knowingly did trans-

fer his entire interest in the property described in the agreement. ▮ This case was tried to the court without a jury. Where competent evidence supports the judgment, it will be presumed on appeal that evidence erroneously admitted was disregarded by the court. (*Keating* v. *Basich Bros. etc. Co.*, 66 Cal.App.2d 258, 263 [151 P.2d 892].)

▮ Appellant assigns as error the court's refusal to admit evidence of statements made by the trustor, after execution and delivery of the trust agreement, negativing his intent to transfer all his interest in the described property. While this ruling may have been erroneous (*Dinneen* v. *Younger*, 57 Cal.App.2d 200 [134 P.2d 323]), it was not prejudicial. Other testimony of such declarations was admitted, and the rejected evidence would have been only cumulative.

▮ Appellant and trustor commenced the taking of trustor's deposition in a proceeding to perpetuate testimony. Their attorney substantially completed direct examination, and then asked for a continuance to permit his attendance at a trial. He was to notify counsel for the other parties of a convenient date to resume the deposition. Trustor died before such notice was given. Thus there was no cross-examination, and there is some question whether even the direct examination was completed. Nevertheless, the deposition was offered in evidence in this trial. Objection was sustained, and appellant claims error in this ruling. The authority relied upon by appellant (*Scott* v. *McCann*, 76 Md. 47 [24 A. 536]) specifically limits admission of a partially completed deposition to cases where the cross-examination "has not in any way been prevented" by the party producing the witness. We find no abuse of discretion in refusing admission of the partial deposition here.

We find no merit in the other points raised by appellant.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied February 4, 1959, and appellant's petition for a hearing by the Supreme Court was denied March 4, 1959.