[Civ. No. 20583. First Dist., Div. Two. Apr. 15, 1963.]

DONALD JOSEPH VERCELLI, Plaintiff and Respondent, v. ELIZABETH CLAIRE VERCELLI, Defendant and Appellant.

Eisner & Titchell and Richard D. Maltzman for Defendant and Appellant.

Michael Lewton for Plaintiff and Respondent.

SHOEMAKER, J.—Defendant wife appeals from the interlocutory judgment of divorce awarded plaintiff husband, and from the order denying her motion made under Code of Civil Procedure, sections 663 and 663a, to set aside the judgment and enter a different judgment. The interlocutory judgment was granted on the ground of extreme cruelty and also gave physical custody of the 5-year-old daughter to the husband. All relief sought by defendant on her cross-complaint was denied.

Appellant first contends that the evidence was insufficient to support the finding that respondent was entitled to a divorce upon the ground of extreme cruelty. This contention is without merit.

It would serve no purpose to recount the evidence herein. We have read the record and find the evidence as to the cruelty of each party to the other is in conflict. We find ample evidence to support the allegations of the plaintiff as to his wife's cruelty, and the pain and suffering it caused him. His testimony is strongly corroborated and the court's ultimate finding that plaintiff was entitled to a divorce on the ground

of defendant's extreme cruelty is abundantly supported by the evidence adduced. (See *Waltz* v. *Waltz* (1957) 150 Cal. App.2d 731 [310 P.2d 695].)

Appellant next asserts that the evidence of respondent's extreme cruelty was uncontradicted and that the court was therefore compelled to award her a divorce. She relies upon the rule set forth in *Polk* v. *Polk* (1942) 50 Cal.App.2d 653, 656 [123 P.2d 550], and *Lucich* v. *Lucich* (1946) 75 Cal. App.2d 890, 896 [172 P.2d 73], that the court is not authorized to deny a divorce where the evidence of a party, adequately corroborated, establishes a cause of action for divorce.

Appellant's testimony was to the effect that respondent had cruelly treated her and caused her pain and suffering; however, such statements were in large measure contradicted by her own statements made both prior to the separation and after the commmencement of the action. She also asserts that respondent, in the original divorce complaint filed by him, recommended that the custody of the parties' minor child, Lisa, be awarded to appellant. She asserts that his act of subsequently amending the complaint to seek custody in himself constituted extreme cruelty.

In reference to his decision to seek custody of Lisa, respondent testified that appellant had agreed, shortly after moving from the family home, to allow Lisa to stay with respondent's parents until she could obtain a suitable baby-sitter. This arrangement eventually became a permanent one, and Lisa was still staying with respondent's parents at the time of trial. Respondent testified that appellant made few telephone calls or visits to see the child during this period, and that on one occasion when the child was sick, appellant refused to go and see her. Respondent testified that his decision to amend his complaint and seek custody of the child was motivated by his feeling that appellant had shown no interest in the child and that she would receive better care and supervision if he retained her custody.

In the face of this evidence, it cannot be said that the trial court erred in failing to award appellant a divorce upon the ground of extreme cruelty. The infliction of grievous mental suffering is a question of fact to be determined from the circumstances of the case, and the decision reached by the trial court will not be disturbed in the absence of an abuse of discretion. (*MacDonald* v. *MacDonald* (1909) 155 Cal. 665, 670 [102 P. 927, 25 L.R.A. N.S. 45]; *Wasserstrom* v. *Wasserstrom* (1956) 139 Cal.App.2d 798, 800 [294 P.2d 497].)

Appellant next contends that the trial court erred in award-ing the custody of Lisa to respondent. It is her position that the record is devoid of any evidence indicating that the child's best interests would be served by such an award. Of course, such is not the case as we find it. In addition to the testimony we have recounted, the evidence shows that Lisa had under-gone certain beneficial changes while living with respondent and his parents. Respondent's mother, Mrs. Vercelli, testified that Lisa had ceased sucking her thumb and wetting her bed, and that she seemed more pliable and less belligerent than she had been when she first came to stay with them. The testimony of Mr. Ettlinger was to the effect that Lisa was no longer given to tantrums and was much happier and better adjusted than she had been prior to her parents' separa-tion. Mrs. Ettlinger testified that Lisa appeared much less ex-citable and high strung. Appellant's own witness, Sheila Hy-man, stated that she had seen Lisa since the separation, and that she seemed quite happy. Respondent's mother testified that she was 51 years of age and that her health was good. She stated that she did not consider that caring for the baby tied her down because she had always considered herself a housewife and mother, and did not go out a great deal.

The evidence favorable to appellant revealed that she was presently living in a three-room apartment with one bedroom but that she had hopes of obtaining a larger apartment in the near future. Appellant stated that she had arranged to employ a competent babysitter to care for Lisa during the daytime when she would be at work. Appellant admitted that she had made few visits or telephone calls to the child and stated that her reason for not calling Lisa more frequently was that it seemed to upset the child.

Appellant contends that Civil Code, section 138, pro-vides that "other things being equal, if the child is of tender years, custody should be given to the mother. . . ." It is her position that this statute has been interpreted in such a man-ner as to require that a child of tender years be given to the mother unless she has been found to be unfit. Appellant as-serts that the trial court, since expressly finding her to be a fit and proper person to have custody of the child, had no alternative but to award her such custody. In support of this contention, appellant relies upon *Juri* v. *Juri* (1945) 69 Cal.App.2d 773 [160 P.2d 73], and *Bemis* v. *Bemis* (1948) 89 Cal.App.2d 80 [200 P.2d 84].

In *Stack* v. *Stack* (1961) 189 Cal.App.2d 357 [11 Cal.Rptr.

177], the court upheld an order changing custody of a 10-year-old girl from the mother to the father despite the fact that there was no evidence of the mother's unfitness. In so holding, the court pointed out that Civil Code, section 138, requires the court, in making a custody order, to be guided " ' [b]y what appears to be for the best interests of the child. . . .' " (P. 364.) Although the statute also provides that the mother should be given the custody of young children where " 'other things' are 'equal'," each case must be determined by the trial court upon its own facts (p. 365). The court distinguished both the *Juri* and *Bemis* cases on their facts (pp. 365-366), and held that where there is substantial evidence in support of a finding that all other things are not equal, it is not an abuse of discretion for the trial court to award children of a tender age to the father rather than to the mother. In the recent case of *Coddington* v. *Coddington* (1962) 210 Cal.App.2d 96 [26 Cal.Rptr. 431], the court, in upholding an order transferring physical custody of an 11-year-old girl from her mother to her father, cited the *Stock* case with approval and went on to state, "Where minds may reasonably differ, it is his [the trial judge's] discretion and not ours which must control." (Pp. 100-101.)

In the present case, the trial court found that although both parents were fit, the best interests of the child would be served by granting her physical custody to respondent, subject to appellant's right to have the child with her on every other weekend. In the light of the record, it cannot be successfully contended that this finding was without evidentiary support. The custody award must be upheld.

Appellant's final contention is that the trial court erred by admitting into evidence a child custody report made by the juvenile probation department. The report in question was ordered by the court, prior to trial, after counsel for both parties had entered into a written stipulation that the report should be prepared and admitted into evidence.

 It would serve no useful purpose to discuss in detail this assignment of error. In *Keating* v. *Basich Bros. Constr. Co.* (1944) 66 Cal.App.2d 258, 263 [151 P.2d 892], the court stated: "The general rule prevailing in California on this subject is this: Where there is competent independent evidence in the record which supports the judgment without recourse to the testimony erroneously admitted, generally the error is not prejudicial as it will be presumed on appeal that the trial judge considered and relied upon the competent evi-

dence in making his findings and rendering the judgment. (*Evans* v. *Gibson,* 220 Cal. 476 [31 P.2d 389]; *Roy* v. *Salisbury,* 21 Cal.2d 176 [130 P.2d 706]; *Frazure* v. *Fitzpatrick,* 21 Cal.2d 851 [136 P.2d 566]; *Ford* v. *Lou Kum Shu, supra* [26 Cal.App. 203 (146 P. 199)]; *Watt* v. *Copeland,* 92 Cal. App. 161 [267 P. 928]; *Cordi* v. *Garcia,* 56 Cal.App.2d 584 [132 P.2d 887].)'' Similarly, in *Pollard* v. *Pollard* (1959) 166 Cal.App.2d 698, 705 [333 P.2d 356], and *Southern Cal. Jockey Club, Inc.* v. *California Horse Racing Board* (1950) 36 Cal. 2d 167 [223 P.2d 1], the court stated that it is presumed on appeal that the court did not base its finding on improper evidence where there is competent evidence to support it.

In this connection, the trial judge, in his minute order denying appellant's motions for an order setting aside and vacating the judgment and for a new trial, stated, ''Although it appears that the court may have committed error in ruling upon objections and offers of proof relative to the probation officer's report on file herein, the court is of the opinion that, regardless of the report, the evidence compels the conclusion that the best interests of the minor child will be served by awarding custody to her father, the plaintiff herein.''

The sole question remaining is whether the court abused its discretion in denying appellant's motion, under Code of Civil Procedure, sections 663 and 663a, to vacate the judgment and enter a different judgment. This issue may be dealt with summarily. Appellant's motion was based upon the ground that the findings of fact and conclusions of law were inconsistent in that the court found appellant to be a fit person and yet concluded that custody of the parties' minor child should be awarded to respondent. We have already discussed the evidence and the authorities involved. We find no conflict between the findings of fact and conclusions of law. The court's action in denying appellant's motion was proper.

The interlocutory judgment of divorce in its entirety, and the order denying appellant's motion to vacate the judgment and enter a different judgment, are affirmed.

Kaufman, P. J., and Agee, J., concurred.