[Sac. No. 4769. In Bank.—May 9, 1934.]

WILLIAM FULTON, Respondent, v. LOUISA J. FULTON, Appellant.

T. B. Scott for Appellant.

Alfred Aram for Respondent.

SHENK, J.—The plaintiff sued the defendant for a divorce on the ground of desertion. The complaint alleged that the community property consisted of furniture of the value of about $100 and shares of stock in the Cities Service Company of about $250 in value. The defendant answered denying the desertion, putting in issue the question of the extent of the community property, and filed a cross-complaint for separate maintenance. The trial court granted an interlocutory decree of divorce to the plaintiff; awarded to the defendant said shares of stock; awarded to her a one-half interest in eighty acres of land in Denair Land and Development Company's Colony No. 2, and denied to her other relief. She appealed from the interlocutory decree and challenges the findings of the court both on the issue of desertion and on the division of property. The plaintiff moved to dismiss the appeal for noncompliance with section 2 of rule VIII of the rules of court, and to affirm the judgment under section 3 of rule V. Thereafter the defendant filed a supplemental brief and the respondent's brief has been filed. The appeal has been submitted on its merits.

It is unnecessary to recount the evidence at length. On both of the major issues it was conflicting. The trial court resolved the conflict in favor of the plaintiff. It is insisted that the evidence of the plaintiff on the question of desertion is not corroborated. The circumstances of the separation and the continuance thereof as disclosed by the defendant's testimony may be taken into consideration for purposes of corroboration. (*Percy* v. *Percy*, 188 Cal. 765

[207 Pac. 369]; *Jansen* v. *Jansen,* 127 Cal. App. 294 [15 Pac. (2d) 777].) It is not disputed that the defendant left the plaintiff's house in Stanislaus County in September, 1928, and went to Arizona. She returned to this state in 1929, but did not return to her former home. According to the testimony of her sister she lived with the sister in Turlock until the trial of the action in January, 1932. The defendant contended that she was compelled to leave the plaintiff because of the latter's alleged misconduct toward her. On this question there was contradictory evidence and much dispute, and the trial court's finding thereon cannot be disturbed.

The question of the extent of the community property in existence at the time of the trial required an extensive examination into the amount and character of property owned by the plaintiff at the time of the marriage of the parties. The plaintiff owned property of considerable value at that time. After the marriage it had undergone transmutation and it was necessary for the court to trace the original investments and the income thereof through the years of married life in an endeavor to segregate the community property and divide it equally as provided in section 146 of the Civil Code. Evidence in detail was taken on this subject. On this record it cannot be said that the findings of the court are without support. The point is made that the decree made no division of the household furniture. While it is true that no specific reference is made in the decree to the household furniture, the defendant testified that after her return from Arizona she went to the home and took away her personal effects and at other times received articles of furniture from the plaintiff. The extent or value of what was received and what remained is not disclosed by the evidence, and it must be assumed that it had theretofore been divided in a manner satisfactory to the parties or was so negligible as not to require special order.

No prejudice is shown to have resulted to the defendant by reason of the court's requirement that she first proceed with proof of the allegations of her cross-complaint.

After the entry of the interlocutory decree and after the filing of the notice of appeal, the defendant moved the court for an allowance of attorney fees and costs on appeal.

The record does not show that the motion was acted upon. Assuming its denial, no appeal was taken from the order. As a special order after final judgment (see *Bancroft* v. *Bancroft*, 178 Cal. 367 [173 Pac. 582]), it was appealable (sec. 963, Code Civ. Proc.), and as such is not subject to review on an appeal from the judgment. (Sec. 956, Code Civ. Proc.)

The judgment is affirmed.

Thompson, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.