[Civ. No. 3504.    Fourth Dist.    Mar. 28, 1946.]

GEORGE H. PROUT, Appellant, v. RUTH I. PROUT, Respondent.

West & Vizzard for Appellant.

Mack, Werdel & Bianco for Respondent.

BARNARD, P. J.—This is an appeal from an interlocutory decree of divorce. Each of the parties had been previously married and each had some separate property. All of this property had been placed in joint tenancy, and some two years before this action was started it was divided by agreement, the defendant receiving some property which had been the separate property of the plaintiff. At least some of the property she received was rental property.

The parties also had a residence which was community property. The court entered an interlocutory decree in favor of the defendant on her cross-complaint, gave her the custody of a minor child, and divided the residence property by giving a one-half interest therein to the plaintiff, subject to the exclusive use and occupation thereof by the defendant until the further order of court, and giving the other half interest to the defendant, with the exclusive use and occupation of the entire property, and the rents, issues and profits therefrom, until further order of the court. From this decree the plaintiff has appealed.

The appellant contends that the judgment should be reversed because the award of an undivided one-half interest in the community residence property to each of the parties as tenants in common is inconsistent with the further award to the respondent of the exclusive use and occupation thereof. It is argued that a tenancy in common implies the right of each cotenant to equally occupy and use the property and that the award, as made, is inconsistent with such a tenancy in common. The decree does not purport to create a tenancy in common and whether or not the situation thus created technically constitutes such a tenancy is immaterial. The court awarded one-half of this property to the appellant, subject to this right of occupation, and awarded one-half, together with such an exclusive right of occupation, to the respondent. The divorce was granted on the ground of extreme cruelty and the court was authorized to make such a division of the community property. (*Price* v. *Price*, 71 Cal. App.2d 734 [163 P.2d 501].) No error appears in this regard.

It is also contended that the court lacked jurisdiction to award to the respondent an allowance for the support and maintenance of the minor child in any way other than by awarding a certain sum in money. In addition to granting the respondent the exclusive use and occupancy of the com-

munity residence, as a part of the division of the community property, the decree contains the further order "that as and for support and maintenance of said minor child, and in lieu thereof, and until the further order of the court" the respondent be granted the exclusive use and occupation of the home of the parties. The respondent had testified that as long as present conditions prevail she would be able to support herself and the child on the rentals being collected from her separate property if she was given the use of the home. It may be conceded that the award of the use of the home as a provision for the support of the child, standing alone, would be erroneous. (See *Tremper* v. *Tremper*, 39 Cal.App. 62 [177 P. 868] ; *McKannay* v. *McKannay*, 68 Cal.App. 701 [230 P. 214] ; *Simpson* v. *Simpson*, 80 Cal. 237 [22 P. 167].) However, the award of the use of the home had previously been made in connection with the division of the community property, and the same was merely repeated in the clause here in question. It seems clear that the real intent of this clause was to provide that this award of the use of the home was in lieu of an allowance for support and maintenance of the child, and that it was not intended as a direct allowance for that purpose. The phrase "as and for support and maintenance of said minor child" may be regarded as surplusage. (*Greenlee* v. *Greenlee*, 7 Cal.2d 579 [61 P.2d 1157].) The phrase "in lieu thereof" clearly and sufficiently indicates the purpose the court had in mind. The appellant had previously abandoned his family without provision for its support and it cannot be said as a matter of law that the order here made, as properly interpreted, was either an abuse of discretion or beyond the jurisdiction of the court.

The only other point raised is that the judgment should be reversed because the court exceeded its jurisdiction by making an immediate and final division of the community property in the interlocutory decree. The portion of the decree covering this matter starts out as follows: "It is further ordered, adjudged and decreed that the community property of the parties be and the same is hereby set aside and divided as follows, to wit:" (Here follows a description of the property and a division as above indicated.) The respondent concedes that this is error. However, as pointed out in *Leupe* v. *Leupe*, 21 Cal.2d 145 [130 P.2d 697], the court does not lack jurisdiction to make such an order; if made, it may be attacked on appeal; and it has been held in a number of cases

that the disposition of property issues in divorce cases should be made in such manner as not to become effective until the entry of the final decree. Any possible error in this regard may be corrected by modifying the language used in this portion of the decree. (*Lo Vasco* v. *Lo Vasco*, 46 Cal.App.2d 242 [115 P.2d 562]; *Strupelle* v. *Strupelle*, 59 Cal.App. 526 [211 P. 248]; *Remley* v. *Remley*, 49 Cal.App. 489 [193 P. 604].)

The interlocutory decree is modified by striking therefrom the first clause of the fourth paragraph thereof which reads: "It is further ordered, adjudged and decreed that the community property of the parties be and the same is hereby set aside and divided as follows, to wit:" and by inserting in lieu of the part so stricken, the following: "It is further ordered, adjudged and decreed that the community property of the parties should be, and upon the entry of a final decree shall be, set aside and divided as follows, to wit:."

As so modified the interlocutory decree is affirmed as of the date of its entry, February 15, 1945. The appellant to recover costs.

Marks, J., and Griffin, J., concurred.