[Civ. No. 15811. First Dist., Div. One. Feb. 3, 1954.]

JACQUELINE ROCHA, Appellant, v. JOSEPH ROCHA, JR., Respondent.

Thompson & Thompson for Appellant.

Rosendale, Thomas, Muller & Talcott for Respondent.

McMURRAY, J. pro tem.*—Plaintiff wife appeals from a judgment granting respondent husband a divorce for extreme cruelty; dividing the community property of the parties; and awarding the custody of the infant sons, aged 7 months and 20 months, to appellant except for two 15-day periods in January and July of each year, when custody was awarded to respondent.

There is no intimation in the entire record that either party is unfit to have custody of the children.

Appellant contends that the judgment of divorce is not supported by as strong evidence as that produced by her; that the community property should have been divided equally between the parties; and that the award of the custody of the infant sons to the father for 30 days of each year is reversible error.

Appellant does not seriously question the propriety of the decree granting respondent the divorce on the ground of extreme cruelty. There is ample evidence to support the finding of the trial court in this respect and this court will not disturb its action.

It is contended that the trial court erred in dividing the community property since the cross-complaint prays judgment; "2. Dividing the community property aforesaid"; and that this language means that he asks for a division of such property into equal parts. This contention is without merit. Section 146, subdivision 1, of the Civil Code, states that an award of community property be made to the parties in such proportions as the court may deem just. In *Gaeta* v. *Gaeta,* 102 Cal.App.2d 87, 88 [226 P.2d 619], it is said: "When a divorce is granted on the ground of extreme cruelty the innocent party must be awarded more than one half of the community property and the failure of the court so to divide it is an abuse of discretion requiring a reversal."

---

*Assigned by Chairman of Judicial Council.

The division of the custody of the infant sons of the parties is the most strenuously argued matter on this appeal. Granting that Civil Code, section 138, requires that, other things being equal, the custody of a child of tender years should be in the mother, it cannot be said that an award such as this is, *per se,* an abuse of discretion by the trial court. The record reveals that the court considered the best interests of the children in making this award and felt that such division of custody would afford them an opportunity to know their father without creating any quarrels or emotional scenes of the sort which had taken place in their presence before this action.

The matter is one in the sound discretion of the trial court. (*Priest* v. *Priest,* 90 Cal.App.2d 185 [202 P.2d 561].)

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.