[S. F. No. 18687.   In Bank.   Oct. 26, 1954.]

HELEN M. RUGGLES, Appellant, v. WILLIAM G.
RUGGLES, Respondent.

L. L. James, Carl E. Day and Leander L. James III for
Appellant.

Theodore M. Monell and John H. Smissaert for Respondent.

GIBSON, C. J.—Appellant brought an action for separate maintenance, and respondent filed a cross-complaint in which he prayed for a divorce on the grounds of wilful desertion and extreme cruelty. The trial court found in favor of respondent on the cross-complaint, and judgment was entered accordingly.

The parties, both of whom were about 70 years of age at the time of the trial, were married February 6, 1926. They lived for a few years in New York where respondent was promoting the manufacture of a device which he had invented. He was unable to raise the necessary money for this purpose, and the parties moved to Wisconsin where they lived on a farm owned by respondent's mother. His mother died in 1941, and respondent received $2,000 from her estate which he gave to appellant. Shortly thereafter she told him she was going to California to live. She removed the household furniture from the farm, stored it under her name, and later disposed of it. When appellant left Wisconsin she said to respondent, "I am sorry I ever knew anyone named Ruggles, and that includes you."

The parties have not had marital relations or lived together since appellant came to California in 1942. Respondent came here a year later hoping for a reconciliation, and for several years thereafter he bought appellant gifts and frequently took her to dinner. He testified that it became apparent from her manner that a reconciliation was impossible, and she stated at the trial that she would not resume married life with him. In 1946 appellant began to receive a pension of $72 a month, and respondent, who earned approximately $180 per month as a piano tuner, brought her groceries about once a week and gave her an average of $75 a month. He continued to do so until appellant commenced the present action.

In 1951 respondent was left a legacy which amounted to approximately $32,000, and, when appellant learned of his good fortune, she brought suit for separate maintenance and obtained an order restraining him from disposing of any of his property.

The evidence is sufficient to support the finding of the trial court that appellant wilfully and without cause deserted and abandoned respondent. Appellant argues that the testimony of respondent was not corroborated as required by section 130 of the Civil Code. The principal purpose of the statutory requirement of corroboration is to prevent collusion, and where, as here, it is clear from the evidence

that there is none, only slight additional proof is necessary. (See *McMullin* v. *McMullin*, 140 Cal. 112, 119 [73 P. 808]; *Smith* v. *Smith*, 119 Cal. 183, 191 [48 P. 730, 51 P. 183]; *Bixby* v. *Bixby*, 120 Cal.App.2d 495, 500 [261 P.2d 286]; *LaVigne* v. *LaVigne*, 96 Cal.App.2d 531, 534 [216 P.2d 75]; *Ungemach* v. *Ungemach*, 61 Cal.App.2d 29, 36 [142 P.2d 99].) ▇ The circumstances of the separation and the period of time during which the parties lived apart, as disclosed by appellant's testimony, may be taken into consideration as corroborative of respondent's statements. (*Fulton* v. *Fulton*, 220 Cal. 726 [32 P.2d 634].) Appellant admitted that she left Wisconsin and came to California without respondent and that they have lived apart since 1942. The fact that the parties lived separately in California was substantiated by the testimony of third persons. There was sufficient corroboration of respondent's testimony.

As no question relating to the division of community property is presented, it is not necessary to determine whether there is evidence which would also support the finding that appellant treated respondent in an extremely cruel manner and inflicted grievous mental suffering upon him.

Appellant asserts that certain statements made by the judge at a conference held in chambers before the trial show that he had prejudged the case against her. The statements referred to, however, have been taken out of context, and, when the record is read as a whole, it appears only that the judge was endeavoring to assist counsel in reaching a settlement acceptable to both parties. Other contentions made by appellant are entirely without merit and need not be discussed.

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied November 24, 1954.