[Civ. No. 20533. Second Dist., Div. One. Apr. 18, 1955.]

ISABELLE F. STEELE, Respondent, v. RALPH STEELE, Appellant.

Noren Eaton for Appellant.

Frank S. Whiting and Joseph C. Brashares for Respondent.

DORAN, J.—This is an appeal by a husband from a judgment of divorce which declares that a half interest in certain real property held under a joint tenancy deed was community property, and that the other half interest was the separate property of the wife. The trial court awarded this property to the wife who was ordered to pay to the husband $10,000 in installments of $100 per month. The husband was not required to pay any sums for the support of the wife or the three children. The parties were married on December 18, 1924, and separated on September 5, 1951.

Much of appellant's argument relates to the form of deed under which title to the real property was held. In effect appellant argues that since the record title was held in joint tenancy, this fact would prevent the trial court from holding otherwise or making the award in question in favor of the wife. There is no merit to this contention. Aside from the fact of the parties' stipulation hereinafter to be discussed, it has long been established that the mere form of a deed does not necessarily determine the real nature of the transaction. This is particularly true in reference to property owned by husband and wife.

 The rule is stated in the late case of *Veronin* v. *Veronin*, 131 Cal.App.2d 298, 299 [280 P.2d 173] (March 4, 1955), as follows: "While a deed to spouses as joint ten-

ants raises a presumption that they intended title to be so vested, it is now thoroughly settled that parol evidence is admissible to show that they had a mutual intention that the property should in fact be acquired and held as a community asset.'' Plaintiff here testified as to the acquisition of the property that ''It was from the earnings of both of us and derivatives from the rents of previously owned properties,'' and such appears to have been the fact. As said in the Veronin case just cited, ''A determination by a trial court that the presumption has been rebutted is conclusive on a reviewing court unless it is manifestly without support in the evidence.''

At the opening of the trial a stipulation was entered into in open court, ''that an undivided one-half is the plaintiff's separate property; that as to the remaining undivided one-half the Court can determine the status of that.'' To this stipulation the respective parties as well as the attorneys, expressed their agreement after the trial court had repeated the definite terms thereof.

It is appellant's contention that ''The finding of the court that a half interest in the joint tenancy property was community property is contrary to the evidence. It should have been found and adjudged to be the separate property of the husband.'' Appellant's brief then asserts that ''There was no evidence of any intent to hold title to the whole property other than as joint tenants,'' and that since it was stipulated that one-half was the wife's separate property ''it followed that the other half had to be the separate property of the husband.''

These contentions of the appellant are without merit. After knowingly entering into such a definite stipulation in open court that a one-half interest was the separate property of the wife, and that the trial court could determine the character of the other one-half interest, it does not stand in the mouth of either party to dispute its terms or to contend that the judge should have done something other than that provided by the stipulation. As stated in the respondent's brief, ''Each of the parties must have realized . . . that the Court might determine the real property to be the separate property of the other, or community property, in which latter instance the Court might award the same to the other.''

''It has been uniformly held,'' says the reviewing court in *Capital Nat. Bank* v. *Smith,* 62 Cal.App.2d 328, 343 [144 P.2d 665], ''the court may not adopt findings in conflict with

stipulated facts. . . . A stipulation of counsel upon essential issues may be considered as evidence, and that a judgment shall be rendered accordingly, is binding on the respective parties thereto and upon the court." And, quoting from 60 Corpus Juris 68-78, "they will not be permitted to deny the truth of the facts stated, nor be heard to claim that there are other facts that the court may presume to exist."

■ Likewise untenable is the appellant's argument that "the stipulation was beyond the power of the attorney to make," and that "it constituted the giving away of his client's property." As hereinbefore referred to, and as noted in respondent's brief, "both the plaintiff and defendant were present in Court at the time the stipulation was made, that they each had the stipulation explained to them by the Court and that they each announced their satisfaction with and acceptance of the stipulation."

It is asserted by appellant that "The other half interest of the joint tenancy property should not have been found or adjudged separate property of the wife's since it was not within the issues and contrary to the evidence." This contention, also, is answered by reference to the stipulation which submitted that issue to the judgment of the trial court.

■ As stated in *Capital Nat. Bank* v. *Smith*, 62 Cal.App.2d 328 [144 P.2d 665], "the stipulation merges with the pleadings and is controlling with respect to the agreed facts therein contained."

An examination of the record fails to sustain appellant's contention that the findings and judgment are not supported by law and the evidence. The trial court's finding of extreme cruelty on the part of the husband is supported by substantial evidence of both physical and mental cruelty. Under such circumstances an appellate tribunal is not empowered to reappraise the evidence. There was, it is true, conflicting evidence given by the respective parties, which conflicts were resolved by the trial court.

■ There is no hard and fast rule as to the sufficiency of corroborative evidence to satisfy the requirements of section 130 of the Civil Code. ■ As said in *Price* v. *Price*, 71 Cal.App.2d 734, 736 [163 P.2d 501], "where the action is contested and it is apparent that no collusion exists, the corroboration is slight and its sufficiency is largely for the determination of the trial judge." ■ The corroborative evidence may be either direct or circumstantial in nature. In the instant case there was corroborative testimony in ref-

erence to the defendant's antagonistic attitude towards the plaintiff, evidence as to bruises and scratches on plaintiff's face, etc.

Appellant's contention that "The division of the community property was not a judicial decision being based upon findings not supported by the evidence, upon assumptions . . . and upon speculation," cannot be sustained. As provided in section 146, Civil Code, where a divorce is granted on the ground of extreme cruelty, "the community property shall be assigned to the respective parties in such proportion as the court, from all the facts of the case, and the condition of the parties, may deem just." That the trial court possesses a wide discretion in respect to this matter is well established. There appears to have been no abuse of this discretion, and no reversible error of any kind.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied May 9, 1955, and appellant's petition for a hearing by the Supreme Court was denied June 16, 1955.