[Civ. No. 21410.    Second Dist., Div. Three.    Sept. 12, 1956.]

LEO GOLDBERG, Appellant, v. JULIA GOLDBERG, Respondent.

Robert H. Green for Appellant.

Aron & Shapiro and Haskell Shapiro for Respondent.

SHINN, P. J.—Leo Goldberg sued his wife Julia for a divorce, charging cruelty. He alleged there was community property consisting of a home and furniture, a 1940 Oldsmobile, a 1940 Chevrolet truck, fifty oil paintings of the value of $5,000 and other property of a nature unknown to him in the possession of his wife. Julia answered and filed a cross-complaint for divorce, charging cruelty. She described the ownership of community property as it was described by Leo, except that she alleged there was other community property of unknown nature in the possession of Leo. Each party sought custody of three minor children, each sought an award of all the community property and Julia prayed for an allowance for the support of herself and the children.

The court found Julia guilty of extreme cruelty and Leo not guilty. It found the residence and contents to be owned in joint tenancy and did not attempt to disturb that ownership. It found the community property to be as alleged in the pleadings and did not find there was any other community property. The decree awarded Leo a divorce, custody of the children and the car and truck valued at $100 each. It awarded Julia the paintings of the value of $5,000 and also $110 per month until the further order of the court. Leo appeals from the parts of the decree which make disposition of the community property and which award support to Julia.

He has filed a brief; Julia, after liberal extensions of time, has filed none. The cause has been ordered submitted on the opening brief. (Rules on Appeal, rule 17(b).) ██ If Julia had been awarded a divorce on the ground of cruelty she would have been entitled to the greater share of the community property. (Civ. Code, § 146; 16 Cal.Jur.2d 595-596; *Rocha* v. *Rocha,* 123 Cal.App.2d 28 [266 P.2d 130].) But she lost, and the decree was in favor of Leo and the ground

for it was extreme cruelty of Julia. Leo was entitled to the greater share of the community property. ■ Since the court found Julia to be the wrongdoer and Leo the party aggrieved, Julia, in the absence of an agreement, was not entitled to support. (*McLaughlin* v. *Superior Court*, 128 Cal. App.2d 62 [274 P.2d 745].)

The appeal is before us upon the judgment roll. Inasmuch as it appears on the face of the record that the division of the community property and the award of support to Julia were contrary to law there is no alternative to a reversal of the judgment.

The parts of the judgment above referred to from which an appeal has been taken are reversed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied October 5, 1956.