[Civ. No. 22166.   Second Dist., Div. One.   May 9, 1957.]

KENNETH R. WALTZ, Appellant, v. LINNEA G. WALTZ,
Respondent.

Loyal C. Pulley for Appellant.

Charles E. Ogle for Respondent.

DRAPEAU, J. pro tem.*—In this divorce case, plaintiff
husband and defendant wife were married in 1938. There

*Assigned by Chairman of Judicial Council.

was one child, a girl, the issue of the marriage. The wife had a boy by a previous marriage, who was adopted by plaintiff. At the time of the trial in 1956, the boy was 21 years of age and the girl was 9.

Husband and wife lived at Cambria in San Luis Obispo County until 1940. Due to economic conditions it became necessary for the husband to move to Santa Monica, where he obtained employment with Douglas Aircraft Company. He is still employed by that company, and has a good job as an engineer.

A few months after plaintiff moved to Los Angeles County, his wife joined him. They maintained their home there until 1951. In that year the wife went back to San Luis Obispo County and has lived there ever since.

At this point in the family history of these two people is to be found the major conflict in the evidence on the trial of the case.

The husband testified that in 1951 his wife told him she no longer loved him, and from then on she would have nothing to do with him; that she said she couldn't live with him any more, and that she had decided to move to Morro Bay and live there permanently.

The wife testified that no such conversations took place; that she moved back to San Luis Obispo County to take care of her father, who was very ill; and pursuant to agreement between her and her husband, to establish a home at Morro Bay, where they could spend their declining years together; and that she thought the marriage was congenial until, to her great surprise and shock, her husband told her in 1954, that he wanted a divorce.

The trial judge found mental cruelty inflicted upon the wife by the husband, and awarded certain community property to each of the parties. He also awarded $125 per month to be paid by plaintiff for the support of the minor child, and $50 per month alimony for the wife.

Plaintiff appeals from the interlocutory decree of divorce that followed.

Plaintiff makes no complaint as to the award of community property or the support money for the girl. He does, in effect, complain about the alimony ordered paid to his wife. She has been steadily employed by a newspaper in San Luis Obispo County since 1951.

So far as the main case is concerned, the following colloquy

among court, counsel, plaintiff and defendant at the close of the trial is illuminating:

"The Court: I'm trying to reduce the issues here. Is there any question in the minds of either of these parties but what a divorce should be granted, or do you think there is a possibility of reconciliation?

"A. (By plaintiff.) I don't think there is, Your Honor. I wish there were.

"The Court: Do you think there is?

"Mrs. Waltz: I don't think so; love demands trust.

"The Court: You think it's out?

"Mrs. Waltz: Love demands trust, and trust has been destroyed.

"The Court: Then it seems to be a matter of social justice that divorce be granted here. That seems to be it.

"Mr. Ogle: Unfortunately, that does seem to be it, Your Honor.

"The Court: Custody of the child seems to be agreed upon, division of the property seems to be agreed upon; it seems the only question I will have to decide is how much shall be paid here and for how long a time."

Now plaintiff contends that the evidence is insufficient to support the finding of mental cruelty, and that the wife's testimony as to cruelty was not sufficiently corroborated.

Therefore, this appeal turns upon the answers to two questions:

First. In a divorce case is it mental cruelty for a man to tell his wife, out of a clear sky, that he wants a divorce; considering, of course, all of the other facts and circumstances in the case?

Secondly. Is corroborating evidence in a divorce case sufficient when a witness says she saw the wife the day after the foregoing statement was made, and that the wife was crying, and appeared to be upset and frustrated?

Plaintiff argues that the evidence in his case brings it within the rule stated in *Chase* v. *Jonkey,* 12 Cal.App.2d 365 [55 P.2d 1229] : That when the undisputed circumstances in a case establish that the story told by a litigant and his witnesses cannot by any possibility be true, then an appellate court is not bound by the substantial evidence rule.

There is neither force nor cogency in the argument. The evidence as stated was substantial, and, considering all the facts, did prove mental cruelty of the plaintiff toward his wife.

While it is of course true that the trial judge could

have found for the husband on the issue of desertion, and on the issue of mental cruelty, his finding followed one of two inferences to be deduced from all of the evidence in the case. Therefore, this court is without power to substitute its deductions for those of the trial judge. (See *Clewett* v. *Clewett*, 136 Cal.App.2d 913 [289 P.2d 512], for an extended discussion of the principles involved, and the cases in support thereof.)

Referring now to the sufficiency of the corroborating testimony. This is the closest question in the case.

As stated by this court in *Bixby* v. *Bixby*, 120 Cal. App.2d 495 [261 P.2d 286], the extent of the corroboration necessary for the granting of a decree of divorce is not defined in any of our statutes. All of the acts of cruelty relied upon need not be corroborated, and in a hotly contested divorce case the rule is not as strictly applied, because it is primarily designed to prevent collusion in uncontested divorce cases.

While the corroboration in this case is not as clear and convincing as the law would wish it to be, it is, in the opinion of this court, sufficient. And, viewing the matter retrospectively, it is difficult to say what more testimony could have been presented upon this narrow issue.

After a critical examination of the record no good reason can be found for reversal of the interlocutory decree. Plaintiff had been divorced, as he desired. As already stated, he is making no complaint about division of community property or child support. If he fears some unfair order as to alimony that might be made in the future, that contingency may be safely left to the sound discretion and good judgment of the superior court. If the wife continues working, as she has been for a long time, no logical reason appears for the law to indefinitely continue to take money from a man and to give it to a woman who no longer makes a home for him and who is able to support herself.

The interlocutory decree must be, and the same is, affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied June 4, 1957, and appellant's petition for a hearing by the Supreme Court was denied July 8, 1957.