[Civ. No. 17282. First Dist., Div. Two. July 26, 1957.]

Estate of MARGERY SNOW, Deceased. PAUL REGALIA, Appellant, v. SIDNEY RHEIN, as Executor etc., Respondent.

William Berger for Appellant.

Rhein, Dienstag & Levin for Respondent.

LERNHART, J. pro tem.*—This appeal is from an order dismissing a petition to determine heirship and overruling objections to the final account. Appellant and decedent were husband and wife. Interlocutory decree of divorce was entered in favor of decedent, then Margery Regalia, September 26, 1952. By that decree, real property which the parties had held in joint tenancy was awarded to appellant, and his wife was awarded $5,000, due "within three months" from date of the decree. She was also granted a lien upon the real property securing payment of this sum. · The wife died March 5, 1953, more than five months after entry of the interlocutory decree. After her death, it developed that she had, before the decree, executed a deed of her interest in the real property to a Mrs. Fenneman. Appellant states that this grantee had reconveyed to decedent, but that the deed had not been delivered before death. In any event, appellant brought an action to quiet title, Mrs. Fenneman disclaimed all interest, and

*Assigned by Chairman of Judicial Council.

appellant took a decree quieting title in him. Thereafter, the property was sold and appellant paid to the estate, under protest, the $5,000 plus interest. This sum is the sole asset of the estate. Appellant filed this claim to determine heirship, and objected to the final account. The trial court found that the petition was not filed within the time limited by Probate Code, section 1080, and also found against appellant upon the merits. We have determined that neither the petition nor the objections (which seek the same result) are meritorious, and therefore refrain from determination of the timeliness of the petition.

Appellant contends that the property, although in joint tenancy, was in fact community in character. Findings were waived in the divorce proceeding, and the interlocutory decree contains no direct statement upon this point. However, to permit award of the property, it would be necessary to find it to be community in character, and the parties do not now question that it was in fact community at the time of the decree. Appellant then argues that the death of the wife before entry of final decree renders the interlocutory decree inoperative as to property distribution. Thus, he argues, the proceeds of the property remain community, and he is entitled to half of that portion of the proceeds now held in the estate.

He is mistaken in the rule of law.　　When an interlocutory decree makes an unqualified disposition of property rights, it cannot be modified except by the methods applicable to judgments generally. When the time for direct attack upon the interlocutory decree has expired, that decree "becomes a conclusive adjudication and is res judicata with respect to all issues determined." (*Leupe* v. *Leupe,* 21 Cal.2d 145, 148 [130 P.2d 697].) Here the interlocutory decree makes a present and unqualified disposition of property rights. Time for appeal had expired before the wife's death. No appeal has been taken and no motion for relief under Code of Civil Procedure section 473 made. Thus the interlocutory decree effectively and conclusively disposes of the property. *Prout* v. *Prout,* 73 Cal.App.2d 715 [167 P.2d 1], and *Wilson* v. *Wilson,* 76 Cal.App.2d 119 [172 P.2d 568], are cited by appellant. They are not in point, as they involve appeals from the interlocutory decree. Nor is the question of the effect of the interlocutory decree upon the marriage relation involved here, since the effect of the decree upon property

rights is the issue in this case. (See *Klebora* v. *Klebora,* 118 Cal.App. 613, 618 [5 P.2d 965].) Thus the community character of the property terminated when the interlocutory decree became a final judgment, and the wife became the owner of the sum awarded to her.

Appellant also argues that, since the interlocutory decree did not terminate the marriage relationship, the award was received by her during the marriage, and that the award therefore is community property, half of which went to him upon her death. This argument entirely overlooks the fact that the decree itself purported to distribute the community property between the spouses as of its date. Whatever may have been the right of either upon appeal from that decree, no appeal was taken within the time allowed, and the property distribution became final. (*Leupe* v. *Leupe, supra.*) To accept appellant's view would amount to setting aside the property division of the interlocutory decree as to half the amount awarded decedent. His contention is without merit.

Appellant also suggests, somewhat vaguely, that the deed by decedent to Mrs. Fenneman deprived the court in the divorce action of jurisdiction over the property it purported to award. This, of course, would amount to an indirect attack upon the interlocutory decree, which has become final by the passage of time for appeal. Neither the deed to Mrs. Fenneman nor the pleadings in appellant's action are before us. It seems apparent, however, that this asserted deed did not affect appellant's title to the property awarded him by the interlocutory decree. He readily secured a decree quieting title. Further, there is in evidence here a decree quieting title in appellant as against respondent executor, subject to the very lien here in issue. This is an apparent recognition of the right of the estate to the claimed lien.

The other contentions made in appellant's petition to determine heirship were not supported by any evidence at the hearing, and are not argued here.

The order is affirmed.

Dooling, Acting P. J., and Draper, J., concurred.