[Civ. No. 5900. Fourth Dist. July 27, 1959.]

GERTRUDE HECHT, Appellant, v. FRED HECHT, Respondent.

Schall & Fitzwater and Maurice Boudreau for Appellant.

Ralph W. Graves for Respondent.

MUSSELL, Acting P. J.—This is an appeal from an interlocutory judgment granting a divorce. The action was commenced by plaintiff Gertrude Hecht by filing a complaint for separate maintenance. The defendant Fred Hecht answered and filed a cross-complaint in which he alleged extreme cruelty and desertion as causes of action for divorce. The trial court rendered judgment granting a divorce to him on his cross-complaint and Gertrude Hecht appeals from the judgment. The sole question presented on appeal is whether there was sufficient corroborating evidence presented to support the judgment.

The parties were married in New York City, New York, on October 1, 1928, and separated on July 7, 1953. Respondent moved to San Diego, California, and was living in that county on or about July 12, 1956, when appellant came to San Diego. She was found by the police on Garnet Street in that city "screaming at the top of her voice and stating that if she couldn't stay with her husband, she would kill herself." She was hospitalized and a few days later filed her action for separate maintenance.

Respondent testified that while they were living in New York City in an apartment appellant's conduct was such that it was impossible for him to continue to live with her; that she kept their apartment in a "horrible state"; that she

refused to throw out refuse and garbage; that she kept calling him up at his work, constantly interfering with it and annoying him; that she locked the doors to their apartment, disconnected the bell, and would not let anyone in because of the condition of the apartment; that she kept rotting, wormy and odorous food in the ice box; and that no one came to their home because it was so filthy.

Bertha Jindrat, who was called as a corroborating witness, testified that respondent had lived in San Diego County for two years continuously preceding the trial date; that she knew respondent in New York; that he was "terribly overwrought many times"; that he was always "disturbed by this condition."

The trial court then questioned appellant as to her conduct when arriving in San Diego and as to the contents of a police report which was submitted to the court for consideration. The trial was then continued to permit the taking of depositions to corroborate respondent's testimony and on April 15, 1958, when trial was resumed, interrogatories and answers thereto were filed by respondent and considered by the court. After further testimony by the parties the trial court stated that "on the total case" respondent was entitled to a divorce and so found. Judgment was then rendered granting respondent a divorce on his cross-complaint.

The extent of the corroboration necessary for the granting of a decree of divorce is not defined by statute. All acts of cruelty relied upon need not be corroborated, and in a hotly contested divorce case the rule is not as strictly applied. (*Waltz* v. *Waltz,* 150 Cal.App.2d 731, 734 [310 P.2d 695].) The corroboration required to sustain charges of cruelty in a divorce case may be by direct or circumstantial evidence. The main purpose of the rule requiring corroboration is to prevent collusion, and in a hotly contested case the corroboration required is slight and its sufficiency is largely for the trial court. (*Jones* v. *Jones,* 135 Cal.App.2d 52, 57-58 [286 P.2d 908]; *Steele* v. *Steele,* 132 Cal.App.2d 301, 304 [282 P.2d 171].) The corroborating evidence is sufficient if it strengthens and confirms the testimony of the party seeking a dissolution of the marriage. (*Griffith* v. *Griffith,* 129 Cal.App.2d 803, 809 [277 P.2d 850].)

The record before us does not contain the written interrogatories and answers submitted to the court and it must be assumed under the circumstances shown by the record that they were properly considered by the court and that

they contained evidence supporting the judgment. (*Harper v. Buckles*, 19 Cal.App.2d 481, 486 [65 P.2d 947].)

The evidence herein, viewed in the light of the rules announced in the cases cited, is in our opinion sufficient to support the findings and judgment.

Judgment affirmed.

Shepard, J., concurred.