PAULSEN, J. pro tem.
 
 *
 

 This is an appeal from an inter locutory decree of divorce granted to respondent. Appellant commenced the action seeking a divorce on the ground of extreme cruelty. Respondent cross-complained asking for a divorce on the ground of extreme cruelty and for a determination of property rights. Appellant also attempts to appeal from an order denying her motion for a new trial. No appeal lies from that order and it is, therefore, dismissed. (Code
 
 *422
 
 Civ. Proc., § 963;
 
 Singleton
 
 v.
 
 Perry,
 
 45 Cal.2d 489 [289 P.2d 794] ;
 
 Hamasaki
 
 v.
 
 Flotho,
 
 39 Cal.2d 602 [248 P.2d 910].)
 

 No question is raised concerning those parts of the decree dealing with property, but appellant complains (1) that the testimony of respondent was not sufficiently corroborated; (2) “Where there was substantial and corroborated evidence to support the allegations of Appellant’s Complaint, ... it was error to make findings contrary thereto”; and (3) that the court erroneously refused to award her alimony.
 

 Respondent testified to the facts of residence and this Avas corroborated by his sister. He testified further that on one occasion appellant struck him in the face with a pan, knocking off his glasses and cutting his nose; that she called him vile names (mentioning them) ; that she was moody and pouted and nagged him continually; that she drank intoxicating liquors to excess; that she belittled his work and insisted that he cease to trade at places to which he was accustomed; that she forced him, against his will, to submit to an operation which rendered him sterile; that these acts caused him great mental suffering.
 

 On cross-examination, appellant admitted that she had struck respondent with a'pan and had bitten him. Respondent’s witness, Rivera, testified that he saw a cut on respondent’s nose and tooth marks on his shoulder. Appellant’s daughter by a former marriage testified that she had heard her mother call respondent “bad names.” She was not required to state them more specifically but in response to an inquiry by the court stated that she did not know any words that were worse.
 

 Appellant contends that the testimony of Rivera could not serve as corroboration because he did not see the acts. It was admissible as tending to show circumstantially the truth of facts testified to by respondent and admitted on cross-examination by appellant.
 
 (Hecht
 
 v.
 
 Hecht,
 
 172 Cal. App.2d 381 [342 P.2d 360] ;
 
 Waltz
 
 v.
 
 Waltz,
 
 150 Cal.App.2d 731 [310 P.2d 695] ;
 
 Steele
 
 v.
 
 Steele,
 
 132 Cal.App.2d 301 [282 P.2d 171];
 
 Dowd
 
 v.
 
 Dowd,
 
 111 Cal.App.2d 760 [245 P.2d 339].)
 

 Appellant cites numerous eases in which evidence relied on for corroboration was held insufficient. We see no good reason for undertaking the laborious task of discussing each case separately or for naming them. Without exception, they simply hold that the testimony of the parties cannot be used for that purpose or that the facts complained of, even if cor
 
 *423
 
 roborated, would not have warranted the granting of a divorce. In this case, the facts relied on by respondent were of a nature to constitute extreme cruelty and the more serious ones were corroborated by independent witnesses. The fact that some of them were denied, merely created a conflict in the evidence and on well-settled principles, the trial court was authorized to determine which facts were proved. (Clew
 
 ett
 
 v.
 
 Clewett,
 
 136 Cal.App.2d 913 [289 P.2d 512].) Furthermore, corroboration of a single serious act of cruelty may suffice.
 
 (Krull
 
 v.
 
 Krull,
 
 105 Cal.App.2d 56 [233 P.2d 13] ;
 
 McGann
 
 v.
 
 McGann,
 
 82 Cal.App.2d 382 [186 P.2d 424] ;
 
 Serns
 
 v.
 
 Serns,
 
 70 Cal.App.2d 527 [161 P.2d 417].)
 

 The trial court may take the circumstances of the separation and other facts into consideration in determining that there was no collusion
 
 (Fulton
 
 v.
 
 Fulton,
 
 220 Cal. 726 [32 P.2d 634]), and the record here supports that conclusion. As said in
 
 Ruggles
 
 v.
 
 Ruggles,
 
 43 Cal.2d 547, at page 548 [275 P.2d 42] : “. . . The principal purpose of the statutory requirement of corroboration is to prevent collusion, and where, as here, it is clear from the evidence that there is none, only slight additional proof is necessary ...” The corroboration was sufficient.
 

 Appellant’s second contention, like that already discussed, is without merit and is based upon a refusal to recognize the well-settled rule that where evidence is conflicting, the resolution of the conflicts is a matter for the trial court, and that appellate courts do not reweigh the evidence under these circumstances.
 

 Appellant’s testimony, sufficiently corroborated, would have justified a decision in her favor if believed by the trial court. Its decision shows that it did not believe her. She calls attention to the fact that at one point in the trial, the judge referred to appellant’s evidence and remarked: “I would say that there is enough evidence if it were uncontested,’’ and later: “This might be a good case to give both of them a divorce.” These statements were of no significance in view of the findings and judgment that followed. “No antecedent expression of the judge, whether casual or cast in the form of an opinion, can in any way restrict his power to declare his final conclusion in the only manner authorized by law, to wit, by filing . . . findings of fact and conclusions of law. ...”
 
 (Oldis
 
 v.
 
 La Societe Francaise,
 
 130 Cal.App.2d 461, 472 [279 P.2d 184].)
 

 The contention that the court erred in not awarding
 
 *424
 
 alimony is also without merit. There was no property settlement agreement to serve as a basis for such an award. Under these circumstances, where the husband was granted a divorce because of the fault of the wife, the court was without jurisdiction to award her alimony. (Civ. Code, § 139;
 
 McLaughlin
 
 v.
 
 McLaughlin,
 
 159 Cal.App.2d 287 [323 P.2d 820] ;
 
 Goldberg
 
 v.
 
 Goldberg,
 
 144 Cal.App.2d 402 [301 P.2d 5];
 
 McLaughlin
 
 v.
 
 McLaughlin,
 
 141 Cal.App.2d 494 [296 P.2d 878].)
 

 The judgment is affirmed.
 

 Kaufman, P. J., and Draper, J., concurred.
 

 *
 

 Assigned by Chairman of Judicial Council.