[Civ. No. 20141.    First Dist., Div. Three.    Aug. 9, 1962.]

ROSE LeVANSELER, Plaintiff and Appellant, v. HAZEN LeVANSELER, Defendant and Respondent.

Albert E. Polonsky for Plaintiff and Appellant.

Duffy, Walton & DeDobbeleer and Jerome A. Duffy for Defendant and Respondent.

SALSMAN, J.—Each of the parties herein was awarded a divorce from the other on the ground of extreme cruelty. The court divided the community property according to the rules set out in *De Burgh* v. *De Burgh*, 39 Cal.2d 858 [250 P.2d 598]. On this appeal, the plaintiff wife contends there was no corroboration of the testimony of the defendant husband; that he was not entitled to a divorce, and that she is entitled to more than one-half of the community property .

The plaintiff testified to numerous alleged acts of cruelty on the part of defendant, among them a charge that defendant had attempted to poison plaintiff's food, and had intentionally tampered with a gas heater, causing it to emit fumes which made plaintiff seriously ill. Defendant denied all of these charges and in turn testified to various alleged acts of cruelty on plaintiff's part, among them jealousy, constant nagging, and harassment, all illustrated in defendant's testimony by reference to specific acts and incidents. The only corroboration of defendant's testimony was this: The parties stipulated that if a certain Sergeant Rodin of the Richmond Police Department, were to be called as a witness he would testify that, after complaint to the Richmond police by plaintiff, he made an investigation of plaintiff's claim that defendant had tampered with a gas heater for the purpose of making plaintiff ill; that he examined the heater in question; that he further made an investigation of defendant's character and reputation, and

thereafter filed a report to the effect that, in his opinion, plaintiff's claims were groundless.

██ It is true that a divorce may not be granted upon the uncorroborated testimony of the parties. (Civ. Code, § 130.) The purpose of this provision of the law is to prevent collusion. (*Gleason* v. *Gleason*, 13 Cal.App.2d 231 [56 P.2d 973].)

██ Where, as in the case now before us, the action of each party is earnestly resisted by the other, and there is no suggestion of collusion, only slight corroboration is required, and the sufficiency of the corroborative evidence rests largely with the trial court. (*Hecht* v. *Hecht*, 172 Cal.App.2d 381-383 [342 P.2d 360] ; *Ruggles* v. *Ruggles*, 43 Cal.2d 547 [275 P.2d 42] ; *Bush* v. *Bush*, 72 Cal.App.2d 487 [164 P.2d 774] ; *Price* v. *Price*, 71 Cal.App.2d 734-736 [163 P.2d 501] ; *Broderick* v. *Broderick*, 40 Cal.App. 550 [181 P. 402].) Here the corroborative evidence consisted of the stipulation entered into in open court. ██ This stipulation was evidence in the case, to be considered and weighed by the court, along with all of the other evidence. (*Butler* v. *Stratton*, 95 Cal.App.2d 23, 29 [212 P.2d 43].) Moreover, a stipulation as to what a witness would testify to if called is sufficient to support a finding of fact. (*O'Hare* v. *Peacock Dairies, Inc.*, 42 Cal.App.2d 788, 793 [110 P.2d 90].) ██ Here the trial judge had before him testimony that the defendant had been wrongfully accused by his wife of attempting to make her ill by gas fumes. The judge obviously accepted the stipulation of the parties as to the testimony of Officer Rodin as sufficient corroboration of defendant's charge of cruelty. There was no error in this, and the court's order granting the defendant a divorce is sufficiently supported by the evidence. ██ Since the court properly granted both parties a divorce neither was entitled to an award of more than one-half of the community property. (*De Burgh* v. *De Burgh, supra*, 39 Cal.2d 858.)

The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.