[Civ. No. 31004.   Second Dist., Div. One.   July 11, 1967.]

ODESSA R. BAUSE, Plaintiff and Appellant, v. LAW-RENCE J. BAUSE, Defendant and Respondent.

Pray, Price, Williams & Deatherage and James B. Russell, Jr., for Plaintiff and Appellant.

Leon J. Garrie for Defendant and Respondent.

FOURT, J.—This is an appeal from an interlocutory decree of divorce.

On January 23, 1964, Odessa R. Bause (hereinafter referred to as wife) filed a complaint in divorce against Lawrence John Bause (hereinafter referred to as husband). The husband answered the complaint on February 3, 1964, and filed a cross-complaint for divorce. An answer to the cross-complaint was filed February 25, 1964. No demurrers were filed. None of the pleadings nor any of the pretrial papers contain any reference to or claim of condonation by either party. Trial was had commencing November 29, 1965, and continuing on following days. Findings of fact and conclusions of law and judgment were signed and filed on December 9, 1965. The judgment provided, in effect, that the husband be awarded a divorce from the wife, that the community property be divided as stated and set forth in the decree, that the husband pay a specified sum for attorney's fees for the wife, that the husband pay to the wife the sum of $3,600 and an additional sum of $480.

Some of the facts are as follows: The wife was a weight lifter and had worked on occasions in a taxi dance hall. She frequently went to dances and had breakfast with her friends from 4 to 6 a.m. after the dances. The husband related many acts of cruelty committed upon him by the wife, including, but not limited to, her striking him with thrown

objects, throwing liquor into his face, kicking his body with force, swearing at him violently, slapping him and getting drunk. His testimony with reference to many of the acts recited as cruelty were corroborated by the testimony of the wife's sister and a half-sister. Furthermore, the wife admitted that she had struck and slapped her husband at a party.

The wife, of course, testified that the husband had been very cruel to her. However, her credibility was seriously questioned for she, in effect, admitted that she had stated untruths in the order to show cause proceedings and at other times and occasions. In fact her own attorney, in argument after all of the evidence was in, stated to the judge, ''. . . it is clear that in many facts Mrs. Bause in the past has not stated the truth, . . .'' The husband contradicted in large part what the wife stated with reference to any acts of cruelty. It was for the trial court to pass upon the credibility of the witnesses. (*Polk* v. *Polk*, 50 Cal.App.2d 653, 657 [123 P.2d 550]; *Church of Merciful Saviour* v. *Volunteers of America*, 184 Cal.App.2d 851, 856-857 [8 Cal.Rptr. 48].)

Appellant wife now asserts that (1) she should have been awarded the divorce, (2) it was error to grant a divorce to the husband without corroboration, (3) it was error to allocate the community property as was done, (4) the court failed to make proper findings, (5) the court improperly limited her right to future attorneys' fees and (6) that it was error to require the wife to hold the husband harmless from claims of damages, and so forth, arising out of her operation of that part of the real property which was awarded to her.

The evidence was conflicting in this case. The judge apparently believed the husband and disbelieved the wife in large part. Under the circumstances, the judge was perfectly proper in granting the decree of divorce to the husband.

There was no collusion in the trial of this case as is evidenced by a reading of the transcript. Where there is no collusion it is not necessary to corroborate every item of established cruelty. It is enough if the corroboration strengthens and confirms the testimony of that party and the corroboration can be circumstantial evidence. Here the half-sister of the wife testified that she saw the wife drinking at a party, heard a loud slap, then saw a bump on the forehead of the husband and was told by the husband that the wife had ''clobbered him.'' Also, she saw the wife throw a candelabra at the husband. (See *LeVanseler* v. *LeVanseler*, 206 Cal.App.2d 611 [24 Cal.Rptr. 206]; *Hayes* v. *Hayes*, 181 Cal.App2d 634 [5 Cal. Rptr. 509]; *Lawatch* v. *Lawatch*, 161 Cal.App.2d 780, 787

[327 P.2d 603] ; *Barton* v. *Barton,* 230 Cal.App.2d 43, 48 [40 Cal.Rptr. 676].)

Appellant complains that there is no finding as to whether the husband suffered any mental cruelty from the acts of the wife and that there is no finding with reference to condonation. The husband testified that he was afraid of the wife and that she caused him to be nervous and upset and made him unable to perform his work. The court found that the wife had been guilty of extreme cruelty to the husband in that she had inflicted upon him grievous mental suffering without provocation. A general finding is sufficient under the circumstances. (*LaMar* v. *LaMar,* 30 Cal.2d 898, 900-901 [186 P.2d 678].) There was no evidence of condonation; there was no express agreement to condone. (Civ. Code, § 118; see *Whinnery* v. *Whinnery,* 21 Cal.App. 59, 61-62 [130 P. 1065].)

The community property was distributed fairly. The wife received the right to take the household furniture and appliances of the value of about $5,000, certain paintings valued at $3,200, an apartment building with a fair market value of $80,000 with an equity of about $40,000, $3,600 payable in installments, an $855.16 bank account and other property. The apartment house had an earning capacity of $400 per month. It would appear that the wife has no legitimate complaint. (See *Visini* v. *Visini,* 212 Cal.App.2d 183, 188-189 [27 Cal.Rptr. 782].)

The order made by the judge for $3,300 attorney's fees for the wife was retrospective and not prospective. If, as and when any further proceedings are brought in this case, that part of the order made with reference to attorney's fees would not preclude the wife from applying for and securing an order for attorney's fees if otherwise proper.

Lastly, appellant argues that it was unfair for the judge to direct the wife to hold the husband "harmless on all liability, claims, damages, expenses and costs whatsoever, including attorneys' fees arising out of or in connection with any encumbrances, taxes, or obligation now due or to become due with respect to real property . . ." awarded to the wife.

There is no evidence that the wife has in the slightest degree been burdened by any such order. There have been no attachments or suit. We see nothing wrong with the order.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.